**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ANN M. MEMMER,** | ) | **CASE NO.   4:06 CV0346** |
| | ) | |
| Plaintiff, | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| v. | ) | |
| | ) | |
| **INDALEX, INC.,** | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

This matter is before the Court upon Defendant's Motion for Judgment on the Pleadings or in the Alternative Motion for Summary Judgment. (Dkt. #8).

**I.  BACKGROUND**

Defendant, Indalex, Inc. ("Indalex") employed Plaintiff, Ann Memmer ("Memmer") from 1993 to 2005. (Dkt. #11, Ex. 1, Affidavit of Ann Memmer ("Memmer Aff.") ¶ 2). Indalex and Local 4564 of the United Steel Workers of America are signatories to a collective bargaining agreement. (Dkt. #8, Ex. 1, Basic Labor Agreement). During her time at Indalex, Memmer was a bargaining unit member and worked in the paint

department, a bargaining unit position. (Dkt. #8, Ex. 2, Affidavit of Patrick Callihan ("Callihan Aff.") ¶ 4). Accordingly, Memmer's terms and conditions of employment were governed by the collective bargaining agreement. (Id.). In 1998, Memmer suffered an injury at work while lifting banding wires. (Memmer Aff. ¶ 6). As a result of the injury, Memmer filed a claim for workers' compensation benefits. (Id. ¶ 7). The claim was approved and Memmer had an open workers' compensation claim that continued until the date of her termination. (Id.). Memmer was approved for intermittent leaves of absence which allowed her to be excused from work when her back pain rendered her unable to work. (Id. ¶ 11). As a result of her injury, Memmer took leaves of absence from work in 1998 and in 2004. (Id. ¶ 8).

On July 10, 2005, Indalex terminated Memmer's employment, basing the termination on her violation of safety regulations, i.e., smoking in an unauthorized area. (Callihan Aff. ¶ 5; Memmer Aff. ¶ 12). On July 19, 2005, Memmer filed a grievance over her discharge. (Dkt. #8, Ex. 3). In August 2005, the Union and Indalex agreed to deny the grievance. (Dkt. #8, Ex. 4).

On January 5, 2005, Memmer commenced the instant action against Indalex by filing a complaint in the Trumbull County Court of Common Pleas. (Dkt. #1, Ex. A, Complaint). The Complaint alleges three counts: (1) pursuant to Ohio Revised Code § 4123.90, unlawful retaliation by Indalex against Memmer for pursuing her worker's compensation claims; (2) pursuant to the Family Medical Leave Act, 29 U.S.C. §§ 2601, et seq., unlawful discrimination by Indalex against Memmer; and (3) pursuant to Ohio tort law, wrongful discharge of Memmer by Indalex in violation of public policy. (Id.). On February 2, 2006,

Indalex removed the action to this Court. (Dkt. #1). On March 2, 2006, the instant motion ensued. (Dkt. #8).

## II. STANDARD OF REVIEW

Indalex has filed the instant motion under Federal Rule of Civil Procedure 12 and, in the alternative, Federal Rule of Civil Procedure 56. In making their arguments, the parties rely on exhibits and affidavits attached to the pleadings and the Court will, therefore, treat the motion as one filed under Rule 56. See FED.R.CIV.P. 12(c) ("If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment….").

Under Federal Rule of Civil Procedure 56, summary judgment is proper where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56 (c). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." Gutierrez v. Lynch, 826 F.2d 1534, 1536 (6th Cir.1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986)). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986). The existence of some factual dispute, however, does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material. See

3

id. at 252. A fact is "material" for purposes of summary judgment when proof of that fact would have the effect of establishing or refuting an essential element of the claim or a defense advanced by either party. Kendall v. Hoover Co., 751 F.2d 171, 174 (6th Cir.1984).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences from the admissible evidence presented in a manner most favorable to the nonmoving party. See Dunigan v. Noble, 390 F.3d 486, 492 (6th Cir.2004); Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986)). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . . The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Anderson, 477 U.S. at 255; accord Graham-Humphreys v. Memphis Brooks Museum of Art, Inc., 209 F.3d 552, 556-57 n.7 (6th Cir. 2000). The court does not weigh the evidence to determine the truth of the matter, but must determine if the evidence produced creates a genuine issue for trial. See Sagan v. United States, 342 F.3d 493, 497 (6th Cir.2003).

"A party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323 (quoting FED. R. CIV. P. 56 (c)). The movant meets this

4

burden "by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." Clayton v. Meijer, Inc., 281 F.3d 605, 609 (6th Cir. 2002) (quoting Celotex, 477 U.S. at 324-25). The non-movant then "must set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

### III. LAW AND ANALYSIS

Indalex seeks summary judgment on count 3 of the Complaint in which Memmer asserts a claim for wrongful discharge in violation of public policy. As part of a claim of wrongful discharge in violation of Ohio public policy, a plaintiff must allege that his discharge jeopardized a clear public policy manifested in a statute, regulation or the common law. See Kulch v. Structural Fibers, Inc., 78 Ohio St.3d 134, 677 N.E.2d 308, 321–22 (1997); Painter, 639 N.E. 2d at 51. Memmer concedes she cannot assert a claim for wrongful discharge in violation of the public policy of the State of Ohio based upon the violation of the Family and Medical Leave Act asserted in count 2 of the Complaint. See Wiles v. Medina Auto Parts, 96 Ohio St.3d 240, 773 N.E.2d 526 (2002); (Dkt. #11 at 1–2). Instead, Memmer bases her claim for wrongful discharge upon the violation of Ohio's Worker's Compensation law, OHIO REV. CODE § 4123.90, alleged in count 1 of the Complaint.

In Greeley v. Miami Valley Maintenance Contr., Inc., 49 Ohio St.3d 228, 551 N.E.2d 981 (1989), the Ohio Supreme Court recognized a cause of action for wrongful

5

discharge in violation of public policy. Greeley established that public policy warrants an exception to the employment-at-will doctrine—under which an employer could terminate an employee for any cause—when an employee is discharged or disciplined for a reason that violates the clear public policy of Ohio. See id.; cf. Phung v. Waste Mgt., Inc., 23 Ohio St.3d 100, 491 N.E.2d 1114, 1116 (1986) (noting that, traditionally, under Ohio law, an employer could terminate an employee-at-will "for any cause, at any time whatsoever, even if done in gross or reckless disregard of an employee's rights").

Therefore, generally, only an at-will-employee may maintain a cause of action for wrongful discharge in violation of public policy. See Haynes v. Zoological Society of Cincinnati, 73 Ohio St.3d 254, 652 N.E.2d 948 (1995). In Haynes, the Ohio Supreme Court declined to extend the tort of wrongful discharge in violation of public policy to union employees subject to a collective bargaining agreement. Id. The court held that the collective bargaining agreement specifically limited the power of the employer to terminate the plaintiff and, as a result, took her outside the context of employment at will; therefore, she was outside the class of employees for whom Greeley provided protection. Id.; accord Surry v. Cuyahoga Community College, 149 Ohio App.3d 528, 778 N.E.2d 91 (Ohio Ct. App. 8th Dist. 2002); Collins v. Yellow Freight Sys., No. 02-3937, 93 Fed. Appx. 854, 863 (6th Cir. Mar. 30, 2004). Consequently, Memmer, who is a bargain unit employee subject to a collective bargaining agreement, is not an at-will employee and may not maintain a cause of action for wrongful discharge in violation of public policy based on a violation of the Ohio Workers' Compensation Act.

Memmer argues that the Ohio Supreme Court in the case of Coolidge v. Riverdale Loc. School District, 100 Ohio St.3d 141, 797 N.E.2d 61 (2003), overruled Haynes. In Coolidge, the Ohio Supreme Court held that a teacher, who was not an at-will-employee because she was protected by statute, see OHIO REV. CODE § 3319.16, could state a claim for wrongful discharge in violation of the public policy embodied in Ohio's Workers' Compensation Act. Coolidge, 797 N.E.2d at 61. Memmer contends that the holding in Coolidge overrules Haynes and permits a union employee to bring a cause of action for wrongful discharge pursuant to Greeley. The Court disagrees.

In Coolidge, the Ohio Supreme Court neither explicitly nor implicitly overruled its holding in Haynes. Indeed, Haynes in not even mentioned in the Coolidge decision. Moreover, since the ruling in Coolidge, no Ohio court has ever found that Coolidge overruled Haynes. Quite the opposite, Ohio courts continue to apply the holding in Haynes that an employee covered by a collective bargaining agreement is not an at-will-employee and, therefore, is unable to maintain a cause of action for wrongful discharge in violation of public policy. See Ferguson v. Lear Corp., 155 Ohio App.3d 677, 802 N.E.2d 1141, 1147 (Ohio Ct. App. 6th Dist. 2003); Scarabino v. E. Liverpool City Hosp., 155 Ohio App.3d 576, 802 N.E.2d 188, 193–94 (Ohio Ct. App. 7th Dist. 2003); Urban v. Osborn Mfg., Inc., No. 86287, 2006 WL 562162, *2–*5 (Ohio Ct. App. 8th Dist. Mar. 9, 2006); see also Reid v. Valley View Local School, No. 3:04 CV 355, 2006 WL 538423, *4–*6 (S.D. Ohio Mar 3, 2006) (finding Coolidge did not overrule Haynes, but created an exception to Haynes for teachers protected by Ohio Revised Code § 3319.16); Klepsky v. United Parcel

Service, No. 1:04 CV 1638, 2005 U.S. Dist. LEXIS 21395, *23–*25 (N.D. Ohio Sep. 27, 2005) (rejecting argument that Coolidge overruled Haynes).

Memmer supports her entire argument with one unreported case, Haren v. Superior Dairy, No. 2003-CA-331, 2004 Ohio App. LEXIS 4024, *1 (Ohio Ct. App. 5th Dist. Aug. 17, 2004). Haren does not discuss the holding in Haynes; it concerns Ohio's Whistleblower Statute, OHIO REV. CODE § 4123.52, not Ohio's Worker Compensation law, OHIO REV. CODE § 4123.90; and, while Haren appears to support the possibility of a public policy claim asserted by a bargaining unit member based upon Ohio's Whistleblower Statute, it, nevertheless, ultimately declined to do so. See id. at *13–*15; see also Urban, 2006 WL 562162 at *3 (rejecting the reasoning in Heron); Klepsky, 2005 U.S. Dist LEXIS 21395 at *24 (same). The Court, therefore, is unpersuaded by the reasoning in Haren and relies on the numerous Ohio and federal court cases applying the rule in Haynes that employees covered by a collective bargaining agreement may not maintain actions for wrongful discharge in violation of public policy.

The evidence presented to the Court demonstrates Memmer at the time of her termination was protected by a collective bargaining agreement. Accordingly, she was not an at-will-employee, and she cannot maintain a cause of action for wrongful discharge in violation of the public policy expressed in the Ohio Worker's Compensation law. See Haynes, 652 N.E.2d at 948; Ferguson, 802 N.E.2d at 1147; Scarabino, 802 N.E.2d at 193–94.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment. (Dkt. #8) is **GRANTED**. Defendant is granted summary judgment on count 3 of the Complaint and count 3 is hereby is **DISMISSED**.

**IT IS SO ORDERED.**

                                        /s/ *Peter C. Economus* – **04/17/06**
                                        **PETER C. ECONOMUS**
                                        **UNITED STATES DISTRICT JUDGE**